[No. H012805. Sixth Dist. July 12, 1995.]

ERIK D. TAYLOR, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**Counsel**

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, William S. Clark and Gregory J. Rolen, Deputy Attorneys General, for Defendant and Appellant.

Jeffrey H. Hancock for Plaintiff and Respondent.

**Opinion**

**MIHARA, J.**—Just before midnight on Friday, February 4, 1994, 17-year-old Erik D. Taylor was driving his 2 friends home from a school dance in his

Toyota pickup truck. He was not exceeding the speed limit. Scotts Valley Police Officer Hohmann was driving northbound on Scotts Valley Drive, and Taylor's truck was southbound on the same street. As Hohmann's car passed by Taylor's truck, "someone inside [Taylor's] vehicle yelled loudly, and [Taylor's] vehicle cut sharply behind [Hohmann]" as Taylor made a left turn onto a cross street. Taylor was in the left-turn lane using his left-turn signal when he initiated this turn. Hohmann detained Taylor, administered a preliminary alcohol screening (PAS) test and discovered that plaintiff's blood-alcohol concentration was greater than .01.

The Department of Motor Vehicles (hereafter the DMV) suspended Taylor's privilege to drive a motor vehicle pursuant to Vehicle Code section 23137.[1] Taylor sought a writ of mandate in the superior court alleging that this suspension was invalid because the PAS testing had not been incidental to a lawful detention. The DMV denied this allegation and claimed that "there were specific, articulable facts sufficient to support the stop." The superior court granted the writ of mandate after it concluded that the detention was unlawful. The DMV appeals claiming that Vehicle Code section 23136's requirement that "[t]he testing shall be incidental to a lawful detention" does not mean that the detention must be supported by reasonable suspicion. We conclude otherwise and affirm the superior court's judgment granting the writ of mandate.

### ANALYSIS

The DMV argues that, because minors "have a low privacy interest," the type of "cause" necessary to detain them should be "a more flexible 'reasonableness' standard . . . [so that] police personnel can enforce [Vehicle Code section 23136] without being constrained by the strict criminal detention requirements." What the DMV fails to recognize is that the Legislature is the appropriate body to which it should address its policy arguments. "[W]hether [a statute] is desirable or wise is not our duty to decide; our role is to construe the statute as enacted by our Legislature." (*Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 761 [280 Cal.Rptr. 745, 809 P.2d 404].) In this case, no reasonable construction of Vehicle Code section 23136 can support the DMV's assertion.

---

[1] "If a peace officer *lawfully detains* a person under 21 years of age who is driving a motor vehicle, and the officer has reasonable cause to believe that the person is in violation of Section 23136," the officer shall request that the person take a PAS test. (Veh. Code, § 23137, subd. (a), italics added.) If the person refuses or fails to complete the PAS test or the PAS test shows that the person has a blood-alcohol concentration of .01 or greater, the person's driving privilege shall be suspended. (Veh. Code, § 23137.)

Vehicle Code section 23136 specifically requires that the PAS testing "be incidental to a lawful detention."[2] (Veh. Code, § 23136.) The legislative history of Vehicle Code section 23136 does not reflect that the Legislature's use of the words "lawful detention" meant anything other than a detention supported by reasonable suspicion. We find strong support for this construction of the statute in judicial construction of an analogous statute in which the Legislature required that chemical testing "be incidental to a lawful arrest." Vehicle Code section 23157, like Vehicle Code section 23136, provides for the suspension or revocation of a person's driving privilege under certain circumstances. A person's driving privilege may be suspended or revoked if, after being "lawfully arrested" for driving under the influence, the person is found to have a blood-alcohol concentration of .08 or greater or refuses or fails to complete chemical testing. (Veh. Code, §§ 13353, 13353.2, 23157; *Mercer* v. *Department of Motor Vehicles*, *supra*, 53 Cal.3d at p. 760; *Gikas* v. *Zolin* (1993) 6 Cal.4th 841, 847 [25 Cal.Rptr.2d 500, 863 P.2d 745].) Vehicle Code section 23157 specifically provides, in language extremely similar to that contained in Vehicle Code section 23136, that "[t]he testing shall be incidental to a lawful arrest . . . ." (Veh. Code, § 23157, subd. (a)(1).)

In *Mercer* v. *Department of Motor Vehicles*, *supra*, 53 Cal.3d 753 the California Supreme Court held that Mercer's driving privilege could not be suspended as a result of his failure to submit to chemical testing because Mercer had not been "lawfully arrested" for driving under the influence under *Penal Code* requirements for warrantless arrests. (*Mercer* at p. 769.) Hence, the Legislature's reference in Vehicle Code section 23157 to "lawful arrest" was intended to refer to the requirements for a lawful arrest under the criminal law of this state. Vehicle Code section 23136 was enacted two years after the California Supreme Court issued *Mercer*. The fact that the Legislature, in its construction of Vehicle Code section 23136, chose to use

---

[2]Vehicle Code section 23136 provides in relevant part: "(a) Notwithstanding Sections 23152 and 23153, it is unlawful for a person under the age of 21 years who has a blood-alcohol concentration of 0.01 percent or greater, as measured by a preliminary alcohol screening test, to drive a vehicle. . . . [¶] (b) A person shall be found to be in violation of subdivision (a) if the person was, at the time of driving, under the age of 21 years, and the trier of fact finds that the person had consumed an alcoholic beverage and was driving a vehicle with a blood-alcohol concentration of 0.01 percent or greater, as measured by a preliminary alcohol screening test. [¶] (c)(1) Any person under the age of 21 years who drives a motor vehicle is deemed to have given his or her consent to a preliminary alcohol screening test for the purpose of determining the presence of alcohol in the person, *if lawfully detained* for an alleged violation of subdivision (a). [¶] (2) *The testing shall be incidental to a lawful detention* and administered at the direction of a peace officer having reasonable cause to believe the person was driving a motor vehicle in violation of subdivision (a)." (Veh. Code, § 23136, italics added.)

language that is strikingly similar to the language of Vehicle Code section 23157 construed in *Mercer* reflects that the Legislature intended for the words "lawful detention," as used in Vehicle Code section 23136, to refer to *criminal law requirements* for a lawful detention. Accordingly, we reject the DMV's claim that the words "lawful detention" refer to anything other than a detention which is lawful under the Fourth Amendment.

The DMV's alternative contention is that Hohmann's detention of Taylor was lawful under the Fourth Amendment. "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People* v. *Souza* (1994) 9 Cal.4th 224, 231 [36 Cal.Rptr.2d 569, 885 P.2d 982].) In this case, 17-year-old Taylor was driving a pickup truck containing 2 passengers at about midnight on a Friday night. A loud yell could be heard from the truck as Hohmann drove past it. The truck "cut sharply behind" Hohmann as Taylor turned left onto a cross street. Taylor was not speeding or disobeying any other traffic laws. These facts establish no *objective* basis for suspicion. A "sharp" but entirely legal turn and a yell from within a vehicle do not indicate that the driver is under the influence of alcohol, nor do these facts objectively indicate that there is any other criminal activity afoot. Consequently, Hohmann's detention of Taylor was not lawful, and the suspension of Taylor's license was not permitted under Vehicle Code sections 23136 and 23137.

## CONCLUSION

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.